## PEOPLE *a.* MARSTON.

*Supreme Court, First District; General Term, Feb.*, 1864.

SUPPLEMENTARY PROCEEDINGS.—CONTEMPT.—COSTS.

A person examined as a witness in supplementary proceedings against a judgment-debtor, cannot, on appeal from an order punishing him for contempt, raise for the first time the objection that the execution on which the proceedings were founded was insufficient.

A witness appearing and being examined in supplementary proceedings, is bound to answer proper questions, whether he has been subpœnaed or not.

Where the judgment-debtor was shown to have been a member of a firm, and his co-partner, being examined as a witness, refused to state the amount received by the judgment-debtor from the business, and whether the books of such firm were within the control of the witness,—*Held,* that an order committing him for contempt was proper, and on his appeal therefrom should be affirmed, with costs.

Appeal from an order committing William H. Marston of a contempt.

An action had been brought by Nathaniel L. Griswold against George F. Power and others, in which judgment was obtained

and execution issued against Power. On the return of the execution unsatisfied, supplementary proceedings were commenced by Griswold against Power. By his examination it appeared that he had been a partner from 1850 to 1863, in the firm of Marston & Power. The plaintiff then subpœnaed William H. Marston, whose examination was proceeded with before a referee.

A *subpœna duces tecum* was also served on Mr. Marston to produce the books of his firm. The examination was continued by adjournments from day to day, on one of which days the following questions were put to Mr. Marston:

*Q.* Have you brought the books? *A.* I have not.

*Q.* Why not? *A.* I decline to bring them.

*Q.* Where are they? *A.* I decline to answer that.

*Q.* When did you last see them? *A.* I decline to answer that.

*Q.* Do you know how much money was received by George F. Power from the firm of Marston & Power, during the period from January 1, 1850, to March, 1863? *A.* No, I do not exactly.

*Q.* Have you any means of ascertaining? *A.* I presume I might be able to tell.

*Q.* By what means? *A.* I decline to answer.

*Q.* Produce the account of your transactions with Mrs. Power. *A.* I decline to.

*Q.* Are you in possession of the books and assets which belonged to that firm? *A.* I decline to answer.

*Q.* Produce the books specified in the subpœna. *A.* I decline to produce them.

*Q.* Why do you so decline? *A.* I have uses for them at my office.

On this (the referee deeming it beyond his own powers) Mr. Justice Clerke issued an attachment, returnable September, 1863; and after interrogatories, &c., on the 5th of October, 1863, the same judge made an order declaring Marston in contempt, and fining him $25, and $25 costs.

From this order Marston appealed.

*S. Sanxay,* for the appellant.

*S. P. Nash,* for the respondent.

SUTHERLAND, J.—In my opinion, Marston, the appellant, cannot on this appeal raise the question as to the regularity of the execution. It is not necessary to decide, on this appeal, whether or not the execution was irregular in not following the judgment as to the defendants named in it.

The execution was issued against the defendant Power, and returned unsatisfied, and, from aught that appears, no motion had been made to set aside the execution for irregularity when the supplemental order was made.

The only material question presented by the appeal is, I think, whether the appellant Marston was guilty of a contempt, in refusing to answer certain questions, and in failing to produce certain books of account upon his examination before the referee.

By the sixth interrogatory, he was asked whether, on his examination before the referee as a witness, he was not asked "to state how much money was received by George F. Power from the firm of Marston & Power from January 1, 1850, to March 1, 1863," and whether he did not answer, that he could not tell. To this interrogatory, Marston answered that he was asked the question, and that he made answer that he could not exactly. By the seventh interrogatory, he was asked: " Were or were you not then asked, whether there were not entries in any books within your control, which would enable you to answer the question ?   Did, or did not, the referee decide that the question was one you ought to answer, and did you, or not, then and there decline to answer it?   By his answer to this interrogatory, Marston admitted that he was asked the question ; that the referee decided that he ought to answer it, and that he declined to answer it.   There can be no doubt, I think, that Marston, having appeared before the referee, and having been sworn as a witness, was obliged to answer any material or pertinent question, whether he had been subpœnaed or not.   If it was material for Griswold, the plaintiff in the supplementary proceedings, to know how much money was received by Power from the firm of Marston & Power, from January 1, 1850, to March 1, 1863, and Marston could not tell without certain books, it would seem material for Griswold to ascertain where the books were, whether they were within the control of Marston.   If he was not bound to produce the books on that day

by virtue of the *subpœna duces tecum* served on him, returnable at a previous day, he was bound to answer the question as to his possession or control of the books, so that, if he had them, at least he might by a second *subpœna duces tecum* be compelled to produce them before the referee at a future day.

I think, therefore, the order appealed from can and ought to be affirmed, irrespective of the question, whether Marston was guilty of a contempt in not actually producing the books as required by the referee; but under the circumstances I think the order should be affirmed, without costs.

LEONARD, J.—I think the order should be affirmed, with costs.

CLERKE, J.—Marston has been guilty of repeated contumacy, and I agree with Judge Leonard that the order should be affirmed, with costs.